Good morning, good evening, good court. My name is Katie, and I'm about to present and represent the Inquiry of the United States on this case. I would like to start with this case, please, Ms. Butler. Your Honor, in this case, there was no finding of coercion. There was also no evidence presented of the evidentiary sharing of coercion. Instead, the military sharing the evidence showed that the defendant, a 32-year-old man, voluntarily submitted, voluntarily appeared with the FBI office after having six months to consider whether or not it's a perceived child abuse offense. Before questioning, agents repeatedly informed him of his constitutional rights, and he told them the features. The interview itself lasted about six hours. During that interview, the defendant made a stint in the Federal Social Society ground office there, where he wrote a statement of his thoughts, saying how far he was going to treat his victims, and how he was going to investigate his own iniquity. Before the interview was over, the defendant announced to the FBI that this was, having heard from both the House and the agents at the time of the interview, the other way. The agents drove him to his car and gave him a jump start on his battery. During the interview, the defendant was not able to speak. He was not physically restrained in any way. He was provided more hand-warning, even though he was speaking on the phone with a fireman. The agent's case was criticized for partialism prior to the interview being able to follow water. And his court was found under much more intense hostage, voluntary, and much more challenging circumstances than what had been set in this case. In comparison, of course, the two-year court's ruling was based, casually, on the lack of a recorded interview. So, what happens at a court case where there are two facts that you get to sort of judge? One is that the judge is just doing a very objective sort of, you know, trial for evidence. And the other is that the judge returns to the court. So, you can see that on the screen, it says, First, he was told by the case's legal counsel that there's a charge against Mr. Schultz, which means that he could be charged by the court. It's an opportunity to report a case that they have never resolved, and so, what happens in a case where the judge is not present at any one point? First of all, it should be gracious to also be able to listen to what the court has to say. We know that there's a lot of great involvement in the case that you're dealing with. So, you walk out of the door, you walk out of the main court, and you come to me, and you say that you're seeing a pediatric doctor. That's very dissonant sayings. We're very limited in terms of how we consider those. For the relevancy of finding the doctor's opinion, so it's not actually evident in the case per se. I would also note, I apologize for that, but I would also note that the court is very aware of circumstantial questions, as compared to the circumstances of Mr. Schultz, are just so divergent. There are so many different ways that there are many different versions. I just want to address two things. Number one, I'm not sure if you guys are familiar with this, but Mr. Schultz is a professor at Harvard, and he's been very helpful to us in a lot of ways. I think what they were talking about in that case, and one of the things that Mr. Schultz was concerned about, is that there were some policy changes that were part of the interview. Yes, that's right. There were some policy changes that were part of the interview, and it's a very important lesson that we're going to talk about in the next few slides as well. One, that is not over-sponsored, but specifically it was part of the recording policy that asked the court agents, and the hearing agents would have to spend years to read why the cause was not to record a polygraph, which is one of the, as I believe, the polygraph portion. The portion that the court is talking about, why it is not recorded, is because every other case that goes under the actual polygraph portion, why else would you call a court agent, or a countermeasure, that would make the case schedule a lot faster? In this case, the court agent is not a judge, and the judge is a participant in the court, and that's the reason why the court agent is not going to be able to record the polygraph. So, to be more clear, at the hearing, the agents have to testify for themselves, and the agents that have no allegiance to the insurance company and the insurance company, the agents do not have a reason for their willingness to testify. In our case, the agents do not have a reason for their willingness to testify. In this case, at the hearing, the government is offering us the opportunity to testify. So, we have a grant program, a grant job, and that's what we do. What we do now, however, is convince the agents to disingrain themselves, to try and be agents, and to disingrain their students. We have two, as stated, expensive grants forms for business money under agents. We have, as stated, also providing polygraph examination forms for the agents, numerous external organizers. Interesting. John, still, can we talk about some of the things that we're doing? Sure. So, in the short course, there's one thing that we're doing. We are initially looking to, kind of, support the faculty who are very familiar to this case. Remarkably, there's actually a handful of defendants taken into account by the FBI and put into an interview of polygraph examination. I'm not quoted. They need to be challenged on that basis. And, in the course, there's a lot of questions. All right. And, it has a little bit of both. It has a little bit of both. Are you the only defendant? It has to do with your skill, how you should defend others, how hard you defend others, and how you should defend yourself. So, I'm still a little bit worried about how many of the defendants you include, how hard you defend yourself. But, otherwise, we're going to have to expand into a whole course of defending others in this case. And, just to let you know, that was not our main task in this case. So, in this case, we'll be having our defendants confront the defendant in person. This is a 32-year-old defendant in person with an 18-year-old son here. The defendant in person has a strong intellectual disability. The defendant here did not follow the law as the average range, the average skill, and he also was found to have a certain psychological system, no cognitive impairments. Also, some of the other defendants here today were actually subject to a documented trial report that may have contributed to this defendant's well-being report. No, I would argue it was. It's very difficult. It's a, it's a, it's a, it's a, it's a traumatic affair with very broad and broad generalization of all cultural people. That was Heather's defense. The other defendant, sorry, the doctor, I see what I missed here. I'm hoping in the cultural views that we talked about, but I may miss working a little more on sexual coercion. She's not in any research that mentions the cultural differences between the two, either coercion, treatment, I will say, or, I'll say, or the cultural differences that concern it all. She was someone who actually brought out his former years around sexual coercion. He also said he was involved in his own child coercion. So, you have to see what he holds not to accuse. If you talk to any terrible client about it, frankly, Dr. McIntyre's ultimate conclusion was simply that those things may have contributed to Julie's well-being report. He never said or likely did not. And those things may have contributed to them that they might not have said. So, I'm not as sure of what she did as to the things that she asserted. I don't know what she said, Matt. Thank you. Well, here's the answer. I mean, it was just a quarter of a month ago. So, I don't know who ever seems to have identified Dr. McIntyre as being the culprit. When he first responded in the first two or so years when people had a case known as abuse, which is a certain record that says it's an issue between a susceptible to the rape and simply a different disease. Or he has participated in the mating susceptibles for rape because of treatment. Because of treatment that is the cause of the rape. So, that was balanced by the dentistry court against the fact that we're still recording the interview of the dentistry court case. So, all the other dentistry court interviews were exclusively just media mediation or in a just way in which you created a document concerning this interview which was too much. And the question was what in which do you have your interviews for? And the question was what kind of interpretation was necessary for the case? And the  was what kind of interpretation was necessary for the case? And the question was what kind of interpretation           interpretation was necessary for the case? And the question was what kind of interpretation was necessary for the case? And the answer was that the court admitted they used the reason being the reason because the person who stood up before mentioned the use of sterilization and that the use of sterilization was necessary for the case. And that's the reason why the court was concerned about the use of sterilization and the use of sterilization and that the use  sterilization was necessary for the   the answer was that the use of the  was that the answer was nothing else. And the answer was nothing else. And that's basically the answer. And that was the answer. And then the answer was nothing else. And then the answer was nothing else. There is no mention of a cardinal interpretation in the cardinal interpretation of each quote. And we understand that the courts have been being concerned with each quarter notice of falsification or else that it is not decided to be forced to be ordinarily coercive in their decisions on those questions. And this is what was already presented in the Supreme Court in the Supreme Court in the Supreme Court in the Supreme Court in the Supreme  in  Supreme Court in the Supreme Court in gehabt F who we had before a charge against our agency administered by the Supreme Court      F. and S. F. C. C. F. C.
judges: Farris, O'scannlain, Christen